# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40505**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Zachary J. TROVATORE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 December 2024

————————————

*Military Judge*: Christopher D. James.

*Sentence*: Sentence adjudged 7 March 2023 by GCM convened at Osan Air Base, Republic of Korea. Sentence entered by military judge on 11 May 2023: Bad-conduct discharge, confinement for 1 year, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF; Second Lieutenant Lora W. Ivy, USAF.[1]

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Major Regina M.B. Henenlotter, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge KEARLEY joined.

————————————

---

[1] Second Lieutenant Ivy is a legal intern who was at all times supervised by an attorney admitted to practice before this court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4**

---

PER CURIAM:

A general court-martial composed of a military judge found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of: one specification of absence without leave and one specification of failure to go, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; one specification of breach of restriction, in violation of Article 87b, UCMJ, 10 U.S.C. § 887b; one specification of willfully disobeying a superior commissioned officer, in violation of Article 90, UCMJ, 10 U.S.C. § 890; one specification of willfully disobeying a noncommissioned officer and one specification of assaulting a superior noncommissioned officer, in violation of Article 91, UCMJ, 10 U.S.C. § 891; two specifications of damaging military property, in violation of Article 108, UCMJ, 10 U.S.C. § 908; two specifications of communicating threats, in violation of Article 115, UCMJ, 10 U.S.C. § 915; and one specification of drunk and disorderly conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for one year, and a reprimand. Appellant requested the convening authority defer the automatic forfeitures triggered by his sentence. The convening authority denied Appellant's deferral request and took no action on the findings or the sentence.

Appellant raises one issue on appeal, whether the Government's post-trial processing delay deprived him of his due process right to speedy appellate review pursuant to *United States v. Livak*, 80 M.J. 631 (A.F. Ct. Crim. App. 2020).

We have carefully considered the matters raised by Appellant in his brief and find they do not require discussion or relief. *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).[3]

---

[2] Unless otherwise noted, any references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Though not raised as a separate assignment of error, Appellant further asserts in his brief an error in the entry of judgment which reflects in Specification 1 of Charge VI

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

an incorrect spelling of the first name of the noncommissioned officer (SL) Appellant disobeyed. Appellant articulates no prejudice to this error, but implies correction is warranted. We order correction of the entry of judgment to reflect the correct spelling of SL's name in Specification 1 of Charge VI.